Abraham G-ellihqff, J.
Plaintiffs move for summary judgment and the defendant cross-moves for summary judgment. The action is brought to recover the sum paid to the defendant in connection with a proposed contract of purchase and sale of a private dwelling.
The question involved is whether the defendant accepted plaintiffs’ offer of purchase. A down payment of $4,000 was made by check dated January 29, 1959, There is dispute as to the circumstances of the writing of plaintiffs’ letter of January 28, 1959, which reads:
1 ‘ The check for $25 is our binder to purchase your dwelling at 257 Soundview Ave., White Plains, N". Y. for the total purchase price of $40,000.
“ This is a firm offer, not subject to revocation for three weeks after the above date (until February 17th).
‘ ‘ And further, we understand that the Cerebral Palsy Assoc, of Westchester County may reject another' firm offer or offers in favor of ours.
*583 “ A check of $4,000 will be in your office on Jan. 29,' 1959.”
There is no proof that defendant was committed to any other purchaser until April 2, 1959; Assuming that the above-quoted “offer” contains the essential terms of a-proposed-contract of purchase and sale of real property, was it accepted? By letter of February 4, 1959, plaintiffs were notified:
“ I am enclosing herewith original and copy of Contract of Sale in connection with the above.
“ I trust they are satisfactory to you, if not I will be happy to adjust to your suggestions. As soon as they have been signed I will get the necessary Court approval and Organization resolutions necessary.”
This could not be, and was not considered to be, a binding acceptance of a proper offer, for by letter of February 10, 1959, plaintiffs were again notified:
“ The United Cerebral Palsy Association of Westchester, Inc., hereby accepts your offer to purchase premises at 257 Soundview Avenue, White Plains, N. Y. owned by said Association for the total purchase price of $40,000.00 as set forth in your letter of January 28, 1959.
“We acknowledge receipt of your check in the amount of $4,000.00 confirming said offer which is hereby accepted.
‘ ‘ Closing in connection with this offer is to take place March 4, 1959 at my office at 10 a.m. in accordance with contract forwarded to your attorney, Norman Levene, Esq., 33 West 42nd Street, New York, N. Y., in accordance with instructions given to me.
‘ ‘ In accordance Avith your letter the Directors of the United Cerebral Palsy Association of Westchester, Inc. have confirmed the acceptance of your offer.”
Again, assuming that plaintiffs’ letter of January 28, 1959, amounts to an offer which, had it been accepted would have constituted a complete agreement, the fact is that by its letter of February 4, 1959, the defendant submitted a counteroffer embodied in the contract enclosed with that letter. Defendant, in its letter of February 10, 1959, indicates that it regards the agreement to be in accordance with the proposed contract forwarded with the letter of February 4, 1959. But as to this contract there Avas no meeting of minds. That the February 10, 1959 letter Avas not regarded as an acceptance of plaintiffs’ “ offer ” of January 28, 1959, is clear from the minutes of the meeting of the defendant’s board of directors, held on April 2,1959, at which it was resolved: ‘ ‘ That this corporation reject all offers received for the purchase of the premises at 257 Soundview Avenue, White Plains, New York, except the offer *584 of Peter Gettinger. residing at 106 Bonnybrook Road, Searsdale, New York, in the; amount of $40,000., subject to the existing mortgage, which offer is hereby accepted and that the officers of this corporation be and they are hereby empowered to execute all necessary documents and take all necessary steps to effectuate the sale of said property now owned by this corporation to said Peter Gettinger.”
If plaintiffs’ offer had been accepted, it could not thereafter be unilaterally rejected — further evidence that no offer had ripened into a contract. The offering price accepted by the above-quoted resolution was the same as plaintiffs’, but the “Peter Gettinger” mentioned in the resolution is not the person who had been negotiating with the. defendant in January, 1959, and is not the person whom — according to defendants — plaintiffs, by their letter of January 28, 1959, attempted to eliminate as a competing prospective purchaser.
Under the facts of this case there never was a sufficient offer, properly accepted, resulting in a meeting of minds. There is no enforcible writing executed by the parties or by their agents duly authorized in writing. Defendant’s cross motion is denied and plaintiffs’ motion is granted. Settle order.